DAVID B. GOLUBCHIK (SBN 185520)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Case No.: 1:20-bk-11006-VK |
| LEV INVESTMENTS, LLC, | Chapter 11 |
| Debtor. | |
| _____ | Adv. No.: |
| MARIYA AYZENBERG, | **NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION PURSUANT TO RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |
| Plaintiff, | |
| v. | |
| LEV INVESTMENTS, LLC; DMITRI LUDKOVSKI; RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC., and DOES 1 through 30, inclusive, | [No Hearing Required] |
| Defendants. | |

**PLEASE TAKE NOTICE** that, pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and 28 U.S.C. § § 157(a), 157(b)(1) and (2), 1334 and 1452, Lev Investments, LLC, the Defendant in the state court action styled <u>Mariya Ayzenberg v. Lev Investments, LLC, et al.</u> filed in the Superior Court of the State of California for the County of Los Angeles, bearing Case No. 19STCV38222 (the "State Court Action") and the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case ("Defendant"), hereby removes the State Court Action on the following grounds:

1.      On or about October 24, 2019, Mariya Ayzenberg ("Plaintiff") filed the State Court Action.  The State Court Action is based upon, among other alleged causes of action, financial abuse of elder, conversion, and declaratory relief.

2.      On or about June 1, 2020, Defendant filed for voluntary bankruptcy protection under chapter 11 of title 11 of the United States Code, thereby commencing the above-captioned Chapter 11 bankruptcy case.

3.      The State Court Action is a civil action and is not a proceeding before the United States Tax Code or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

4.      The State Court Action is a "core proceeding" under 28 U.S.C. §§ 157(b)(2), including under subsection (A), (B), (K) and (O).

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

6.      Removal of the State Court Action is timely pursuant to Bankruptcy Rule 9027(a)(2).

7.      Attached as **<u>Exhibit "1"</u>** hereto are copies of the Complaint filed by Plaintiff to commence the State Court Action, the Notice of Pendency of Action (Lis Pendens) filed by Plaintiff in the State Court Action, the Request for Dismissal filed by Plaintiff in the State Court Action,  and other pleadings and orders filed or entered in connection with the State Court Action.

**PLEASE TAKE FURTHER NOTICE** that removal of the State Court Action and all claims and causes of action therein was effected upon the filing of a copy of this Notice of

1  Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c).  The State

2  Court Action is hereby removed to the United States Bankruptcy Court for the Central District

3  of California, San Fernando Valley Division (the "Bankruptcy Court"), and the parties to the

4  State Court Action shall proceed no further in State Court unless otherwise ordered.

5          **PLEASE TAKE FURTHER NOTICE** that, upon removal of the State Court Action,

6  Defendant consents to the entry of final orders or judgment by the Bankruptcy Court.

7  Dated:  June 12, 2020                    LEV INVESTMENTS, LLC

8

9

10                                          By:_____
                                               DAVID B. GOLUBCHIK
11                                             JULIET Y. OH
                                               LEVENE, NEALE, BENDER, YOO
12                                                & BRILL L.L.P.
                                               Attorneys for Chapter 11 Debtor and
13                                             Debtor-in-Possession

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

[State Court Action Pleadings]

Case 1:20-ap-01062-VK    Doc 1    Filed 06/12/20    Entered 06/12/20 16:09:29    Desc
Main Document    Page 5 of 23
Electronically FILED by Superior Court of California, County of Los Angeles on 10/24/2019 06:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Daniel Red Recana

**LAW OFFICES OF HOWARD A. KAPP**

3731 WILSHIRE BLVD., SUITE 514
LOS ANGELES, CALIFORNIA 90010

STATE BAR NO. 86207

TELEPHONE (213) 927-8000
EMAIL hkapp@kapplaw.com

Attorney for Mariya Ayzenberg

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES,

CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| MARIYA AYZENBERG,<br><br>      Plaintiff,<br><br>  vs.<br><br>LEV INVESTMENTS, LLC; DMITRI LUDKOVSKI; RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC. and DOES 1 through 30, inclusive,<br><br>      Defendants. | Case No.: 19STCV38222<br><br>COMPLAINT FOR:<br><br>1. FINANCIAL ABUSE OF ELDER<br>2. CONVERSION<br>3. DECLARATORY RELIEF<br><br>DEMAND IN EXCESS OF $25,000.00 |

Plaintiff, Mariya Ayzenberg, hereinafter Plaintiff, files her Complaint herein against Defendants, Lev Investments, LLC; Dmitri Ludkovski; Ruvin Feygenberg; Michael Leizerovitz; Sensible Consulting and Management, Inc. and DOES 1 through 30, inclusive, hereinafter collectively Defendants, as follows:

## GENERAL ALLEGATIONS

### (Facts Common to All Causes of Action)

1.      The Plaintiff resides in California and at all times relevant to this Action was 65 or more years of age.

2.      Upon information and belief, Defendant, Lev Investments, LLC, hereinafter Lev, is a limited-liability company, and at all relevant times herein, doing business in the County of Los Angeles, State of California.

3.      Based on information and belief, it is hereby alleged that Lev Investments, LLC is the alter-ego of Defendant Dmitri Ludkovsk. Inequities will result if the Court were not to pierce the corporate veil of Lev Investments and apply all liability of Lev Investments. Lev Investments never kept with corporate formalities of a legitimate corporation and has at all times been a work of fiction meant to work inequity on all those that transacted with it and its alter-ego Ludkovski.

4.      Upon information and belief, Defendant, Dmitri Ludkovski, hereinafter Ludkovski, is an individual, and at all relevant times herein, the Manager and principal of Lev, doing business in the County of Los Angeles, state of California.

5.      Upon information and belief, Defendant, Ruvin Feygenberg, hereinafter Feygenberg, is an individual, and at all relevant times herein, residing and doing business in the County of Los Angeles, state of California.

6.      Upon information and belief, Defendant, Michael Leizerovitz, hereinafter Leizerovitz, is an individual, and at all relevant times herein, doing business in the County of Los Angeles, state of California.

7.      Upon information and belief, Defendant Sensible Consulting and Management, Inc., hereinafter Sensible Consulting, at all times relevant herein, a California corporation that is actively doing business in the County of Los Angeles, state of California.

8.      The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of the Defendants named herein as DOE 1 through 30, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to set forth their true names and capacities when the same are ascertained.

9.      Plaintiff is informed and believes and thereon alleges that Defendants DOE 1 through 30, inclusive, and each of them, claim some right, title, estate, lien, or interest in the Property adverse to Plaintiff's ownership and that such claims constitute clouds on Plaintiff's title thereto.

10.     Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is legally responsible in some manner for the events referred to and legally caused the damages to the Plaintiff as alleged herein.

11.     Plaintiff is informed and believes and thereon alleges that each DOE Defendant claims some interest in the Property and is responsible in some manner for the occurrences herein alleged, and that Plaintiff hereby names each DOE Defendant as such that its interest, if any, shall be subject to the judgment rendered herein.

12.     Each reference in this Complaint to any Defendant refers to all Defendants sued under fictitious names.

13.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants sued under fictitious names, was the agent or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment and each Defendant aided and abetted and later ratified the conduct of the other.

14.     This lawsuit concerns the real Property commonly known as 13854 Albers Street, Sherman Oaks, California 91401, hereinafter the Property, and legally known as:

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Assessor's Parcel Number: 2247-013-001

15.     The Plaintiff alleges that in late December 2018, Defendants, and each of them, approached the Plaintiff for a loan for $300,000 to be secured with the Property. The loan was to be evidenced by a written Note and a Deed of Trust.

16.     Defendants, and each of them, promised that the terms of the loan were for half a year with interest of 10% per annum, interest in the amount of $2,500 due on the first of every month beginning on February 1, 2019 and continuing to July 1, 2019, upon which time the principal and interest would be due in total to repay the loan in full.

17.     Defendants, and each of them, further promised that upon the sale of the Property to be no later than half a year from the date of the loan, Plaintiff would receive a proportional share of the profits from the Property minus the interest already paid.

18.     Based on these promises and representations, on or about December 28, 2018, Plaintiff wired $300,000 to escrow for the benefit of Defendants, and each of them.

19.     Lawyers Title Company (LTC) closed/consummated the Property's acquisition on December 31, 2018.

20.     As of the time of this Complaint, Plaintiff still has not been provided, though she has requested, the Note and the First Priority Deed of Trust evidencing

the Loan and to date did not receive any interest payments or profits from the Property.

### FIRST CAUSE OF ACTION FOR FINANCIAL ABUSE OF ELDER

(Against All Defendants, except Does 1-10, 21-30)

21.     Plaintiff incorporates by reference the allegations of paragraphs 1-19, *supra*, as though fully set forth herein.

22.     The basis for the Financial Abuse of an Elder Cause of Action is that money of a protected elder was obtained for "wrongful use" (i.e., not used for the purpose represented) and "intent to defraud" theory because not all facts that should have been disclosed by the Defendants were revealed and the circumstances that were told by the Defendants were inaccurate and false.

23.     On or about December 26, 2018, at Tarzana, California, Defendants Lev Investments, LLC, Dmitri Ludkovski, Ruvin Feygenberg, Michael Leizerovitz, Sensible Consulting and Management, Inc., and Does 1 through 10, only, and each of them, hereinafter Financial Abuse of an Elder (FAE) Defendants, requested of Plaintiff to lend them money to be repaid in full within 6 months, so that the Property can be acquired.

24.     FAE Defendants, and each of them, at all relevant times, stood in a position of trust to Plaintiff.

25.     FAE Defendants, and each of them, then promised that they (including the Plaintiff) would proportionally share in the profits from the immediate sale of the Property based on the amounts that they were each investing, minus costs, and advance interest paid to Plaintiff as said hereunder.

26.     As security for the short-term entrustment of funds a First Priority Deed of Trust against the Property listing Plaintiff as the beneficiary, the $2,500.00 monthly payment and maturity date (NFPDOT) of the entrustment of funds were to have been provided to the Plaintiff by the FAE Defendants, and each of them, "within days of closing."

27.     The Plaintiff reasonably relied on the representations of FAE Defendants, and each of them, based on excessive persuasion relying on the social, religious and historical affinity of the parties.

28.     Each FAE Defendant independent of each of the other promised to Plaintiff that the NFPDOT would be simultaneous with or within "a day or two" of Plaintiff's money leaving LTC.

29.     Relying on the representations of each FAE Defendant, the Plaintiff delivered $300,000 to LTC and instructed that LTC only utilize the money for acquisition of the Property.

30.     FAE Defendants, and each of them, motivated by malice and greed and working in concert failed to perform as promised and instead took, secreted, appropriated, and retained Property of Plaintiff who is an elder for wrongful use and with the intent to defraud, in that to date FAE Defendants, and each of them, have failed to deliver the NFPDOT after being asked to.

31.     FAE Defendants, and each of them, took, secreted, appropriated, obtained and retained Property of an elder for wrongful use and with the intent to defraud, in that to date FAE Defendants, and each of them failed to make any of the $2,500.00 per month payment to Plaintiff or share the profit from the Property.

32.     FAE Defendants and each of them took, secreted, appropriated, obtained and retained Property of an elder by undue influence as defined by Welf. & Inst. Code § 15610.70, in that FAE Defendants, and each of them used excessive persuasion relying on the social, religious and historical affinity of the parties to defraud an elder.

33.     FAE Defendants and each of them knew that what they were doing would result in, as it has, in financial harm to an elder.

34.     Plaintiff has not only been deprived of her money but also her expectation of just compensation of the entrustment of her hard-earned cash to FAE Defendants, and each of them.

35.     The actions of FAE Defendants, and each of them, in taking, secreting, appropriating, obtaining and retaining Plaintiff's funds for a wrongful use especially when coupled with the intent to defraud as described above constitutes FAE as the term is defined by Welfare and Institutions Code §§ 15610.30 and 15657.6.

36.     As a consequence of their actions and inaction and their representations and knowing and reckless misrepresentations of fact, Plaintiff is entitled to the full spectrum of remedies provided by Welfare and Institutions Code §§ 15657.5 and 15657.6.

37.     The Plaintiff is entitled to compensatory damages, special, and general damages, as well as all pretrial remedies that the laws provide to make certain that recovery is not pyrrhic.

38.     The Plaintiff has incurred and will continue to suffer attorney's fees and costs of litigation. Plaintiff, if successful in this Action, is entitled to recover such fees and costs from FAE Defendants, and each of them, under the provisions of Welfare and Institutions Code § 15657.5(a).

39.     In committing the actions and conduct described here, FAE Defendants, and each of them acted with recklessness, oppression, fraud, and malice, and Plaintiff, therefore, is entitled to an award of exemplary or punitive damages according to Welfare and Institutions Code § 15657.5 and Civil Code § 3294.

40.     Furthermore, the conduct of FAE Defendants and each of them must result in the trebling of the damages inflicted on the Plaintiff by each and every FAE Defendant, whether named or unnamed, who is responsible for the harm that Plaintiff is suffering pursuant to Probate Code § 859.

41.     Wherefore, Plaintiff requests for judgment prayed for hereunder.

### **SECOND CAUSE OF ACTION FOR CONVERSION**

(Against All Defendants, except Does 1-20, 25-30)

42.    Plaintiff incorporates by reference the allegations of paragraphs 1-41, *supra*, as though fully set forth herein.

43.    At all times herein mentioned, and in particular on or about December 28, 2018, Plaintiff was, and still is, the owner and was, and still is, entitled to the possession of $300,000.

44.    On or about December 28, 2018, Defendants, and each of them converted the same to their own use.

45.    Plaintiff demanded the immediate return of the Property mentioned above but Defendants, and each of them, failed and refused, and continue to fail and refuse, to return the Property to the Plaintiff.

46.    Between the time of conversion by the Defendants, and each of them, of the money and the Property mentioned above for their own exclusive use and the filing of this Action, Plaintiff expended time and expenses in pursuit of the converted money and the Property resulting in further damages to Plaintiff in a sum to be proven at trial.

47.    The acts of Defendants and each of them, alleged above have been willful, malicious, and oppressive and have been undertaken with the intent to defraud an elder justifying an award of exemplary and punitive damages.

48.    Wherefore, Plaintiff prays for judgment, as said hereunder.

### THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF

(Against All Defendants, except Does 1-20)

49.    Plaintiff incorporates by reference the allegations of paragraphs 1-50, *supra*, as though fully set forth herein.

50.    An actual controversy exists between Plaintiff and Defendants, and each of them, regarding their respective rights and obligations regarding the Property and precisely the commitments of Defendants, and each of them, to have provided the promised NFPDOT and payments to Plaintiff for the entrustment of the money beginning on February 1, 2019.

51.     The Plaintiff asserts that Plaintiff was to have been given an NFPDOT evidencing the entrustment of money and interest thereon.

52.     Defendants dispute the allegations mentioned earlier by their inaction and by failure to provide the NFPDOT and the $2,500.00 payment.

53.     The Plaintiff desires a judicial determination of the rights and duties of each named party concerning the Property and the ongoing dispute.

54.     A judicial determination is necessary and appropriate to establish the rights and duties of each party as to the Property and to compel the sale of the Property as told initially to Plaintiff as basis for the need for funds.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a.     For compensatory damages pursuant to Welfare and Institutions Code § 15657.5(a), awarded based on Plaintiff's elder financial abuse claim as defined by Welfare and Institutions Code § 15610.30, in the sum of $300,000 and interest, and other damages in an amount to be determined by the Court;

b.     For the issuance of a writ of attachment against Defendants, and each of them, pursuant to Welfare and Institutions Code § 15657.01 for the collection of damages in an amount to be determined by the Court;

c.     For punitive damages pursuant to Welfare and Institutions Code § 15657.5 and Civil Code § 3294;

d.     For reasonable attorney's fees pursuant to Welfare and Institutions Code § 15657.5(a) in an amount to be determined by the Court;

e.     For costs of suit incurred herein pursuant to Welfare and Institutions Code § 15657.5(a) in an amount to be determined by the Court;

f.     For Probate Code § 859 damages;

g.     For accounting;

h.     For the appointment of receiver;

i.     For specific performance;

j.     For attorney's fees and costs pursuant to Probate Code § 859;

k.     For injunctive relief;

l.     For the promised NFPDOT;

m.    For the value of the Property converted;

n.     For interest at the legal rate on the foregoing sum pursuant to Civil Code § 3336, from and after December 28, 2018;

o.     For damages for the proximate and foreseeable loss resulting from conversion in the amount of to be proven at trial;

p.     For interest at the legal rate on the foregoing amount pursuant to Civil Code § 3287(a), from and after December 28, 2018;

q.     For damages for time and money properly expended in pursuit of the converted Property in the sum to be proven at trial;

r.     For punitive and exemplary damages;

s.     For a declaration of rights and duties of the parties as to the Property;

t.     For judgment to be made for the sale of the Property according to law by a sheriff or marshal or other person appointed by this Court; that the sale proceeds be applied in payment of the amount due Plaintiff;

u.     For damages of $300,000, plus damages in such further sums as may be sustained and as are ascertainable before final judgment in this Action;

v.     For prejudgment interest;

w.    For costs of suit incurred in this Action; and

x.     For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 24, 2019        **LAW OFFICES OF HOWARD A. KAPP**

By _____

Howard A. Kapp, Esquire
Attorney for Mariya Ayzenberg

COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 10/29/2019 07:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Ramirez, Deputy Clerk

1  **LAW OFFICES OF HOWARD A. KAPP**

2  3731 WILSHIRE BLVD., SUITE 514

   LOS ANGELES, CALIFORNIA 90010
3

4  STATE BAR NO. 86207

5
   TELEPHONE (213) 927-8000
6  E-MAIL hkapp@kapplaw.com

7
   Attorney for Mariya Ayzenberg
8
9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF LOS ANGELES,

11                  CENTRAL JUDICIAL DISTRICT

12

13  MARIYA AYZENBERG,                    )  Case No.: 19STCV38222
                                         )
14            Plaintiff,                  )
                                         )
15                                        )  NOTICE OF PENDENCY OF
16       vs.                              )  ACTION (LIS PENDENS)
                                         )
17  LEV INVESTMENTS, LLC; DMITRI          )
18  LUDKOVSKI; RUVIN                      )  Place:      Dept. 45
    FEYGENBERG; MICHAEL                   )  Judge:      Mel Red Recana
19  LEIZEROVITZ; SENSIBLE                 )
20  CONSULTING AND                        )
    MANAGEMENT, INC. and DOES 1           )
21  through 30, inclusive,                )
                                         )
22                                        )  Complaint Filed:  October 24, 2019
23            Defendants.                 )  Trial Date:       Not Set
    _____ )

24

25       NOTICE IS GIVEN that the above-captioned action was commenced on

26  October 24, 2019, in the above-entitled court by Mariya Ayzenberg, Plaintiff,

27  against Lev Investments, LLC; Dmitri Ludkovski; Ruvin Feygenberg; Michael

28

---
                                        1
                            NOTICE OF LIS PENDENS

Leizerovitz; Sensible Consulting and Management, Inc. and DOES 1 through 30, inclusive, Defendants; the action is now pending in the above court.

The above-captioned action alleges a real property claim affecting certain real property that is situated in Los Angeles County, State of California, and that is described as follows:

> ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:
>
> THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Assessor's Parcel Number: 2247-013-001

Commonly known as 13854 Albers Street, Sherman Oaks, California 91401.

Respectfully submitted,

Dated: October 25, 2019                    LAW OFFICES OF HOWARD A. KAPP

By_____
Howard A. Kapp, Esquire
Attorney for Mariya Ayzenberg

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Howard A. Kapp, Esq.        SBN 86207<br>LAW OFFICES OF HOWARD A. KAPP<br>3731 Wilshire Blvd., Suite 514<br>Los Angeles, CA 90010<br><br>TELEPHONE NO.: (213) 927-8000        FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* hkapp@kapplaw.com<br>ATTORNEY FOR *(Name):* Mariya Ayzenberg | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central Judicial District, Stanley Mosk Courthouse

PETITIONER/PLAINTIFF: MARIYA AYZENBERG

RESPONDENT/DEFENDANT: LEV INVESTMENTS, LLC; DMITRI
        LUDKOVSKI; RUVIN FEYGENBERG; et al.

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>19STCV38222 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   3731 Wilshire Blvd., Suite 514
   Los Angeles, CA 90010

3. On *(date):* 10/25/2019        I mailed from *(city and state):* Los Angeles, California
   the following **documents** *(specify):*
   NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Alex Polovinchik
   b. **Address** of person served:
      Lev Investments, LLC
      8159 Santa Monica Blvd., Ste 200
      Los Angeles, CA 90046        [70142870000105250352]

   ☑ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 25, 2019

▶

Howard A. Kapp, Esq.
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]        **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
        **(Proof of Service)**        Code of Civil Procedure, §§ 1013, 1013a
        *www.courtinfo.ca.gov*

POS-030(P)

| SHORT TITLE: AYZENBERG v. LEV INVESTMENTS, LLC | CASE NUMBER:<br>19STCV38222 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:**

| Name of Person Served | Address *(number, street, city, and zip code)* |
|---|---|
| Dmitri Lioudkovski<br>Lev Investments, LLC | PO Box 16646<br>Beverly Hills, CA 90209    [70142870000105250369] |
| Dmitri Ludkovski | 423 N. Palm Dr., Unit 305<br>Beverly Hills, CA 90210    [70142870000105250376] |
| Ruvin Feygenberg | 17777 Ventura Blvd., Suite 220<br>Encino, CA 91316    [70142870000105250383] |
| Michael Leizerovitz | 15 Via Monarca St.<br>Dana Point, CA 92629    [70142870000105250390] |
| Michael Leizerovitz Sensible Consulting<br>and Management, Inc. | 15 Via Monarca St.<br>Dana Point, CA 92629    [70142870000105250406] |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Form Approved for Optional Use
Judicial Council of California
POS-030(P) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL
(PERSONS SERVED)**
**(Proof of Service)**

Page __2__ of __2__

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

Howard A. Kapp, Esq.
LAW OFFICES OF HOWARD A. KAPP
3731 Wilshire Blvd., Suite 514
Los Angeles, CA 90010



10/25/2019

*20191150330*

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

APN: 2247-013-001

Property Address: 13854 Albers Street, Sherman Oaks, CA 91401

**DOCUMENT TITLE**

# NOTICE OF PENDENCY OF ACTION
# (LIS PENDENS)



**This page is part of your document - DO NOT DISCARD**



## 20191150330





Pages:
0006

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**10/25/19 AT 02:14PM**

| | |
|---|---:|
| FEES: | 32.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 107.00 |



**L E A D S H E E T**



201910250930032

00017356819



010236720

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

CIV-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NO: 86207<br>NAME: Howard A. Kapp<br>FIRM NAME: Law Offices of Howard A. Kapp<br>STREET ADDRESS: 3731 Wilshire Blvd., Suite 514<br>CITY: Los Angeles    STATE: CA    ZIP CODE: 90010<br>TELEPHONE NO.: (213) 927-8000    FAX NO. :<br>E-MAIL ADDRESS: hkapp@kapplaw.com<br>ATTORNEY FOR (Name):  Plaintiff, Mariya Ayzenberg | *FOR COURT USE ONLY*<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**01/13/2020**<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____  Deputy<br>        Maria Baltazar |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: Mariya Ayzenberg
Defendant/Respondent: LEV Investments, LLC, et. al.

| | |
|---|---|
| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>19STCV38222 |

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a  class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [x] With prejudice    (2) [ ] Without prejudice
   b. (1) [ ] Complaint    (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                                    on (date):
      (4) [ ] Cross-complaint filed by (name):                                    on (date):
      (5) [x] Entire action of all parties and all causes of action
      (6) [ ] Other (specify):*

2. (Complete in all cases except family law cases.)
   The court [ ] did [x] did not  waive court fees and costs for a party in this case. (This information may be obtained from  the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: December 4, 2019

Howard A. Kapp
_____
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only,
or of specified cross-complaints only, so state and identify the parties, causes of
action, or cross-complaints to be dismissed.

▶ _____
                                        (SIGNATURE)
Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

_____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative
relief – is on file, the attorney for cross-complainant (respondent) must sign
this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____
                                        (SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)
4. [✓] Dismissal entered as requested on (date): 01/16/2020
5. [ ] Dismissal entered on (date):                          as to only (name):
6. [ ] Dismissal **not entered** as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to be conformed [ ] means to return conformed copy

Date: 01/16/2020    Clerk, by _____ Maria Baltazar, Deputy

Sherri R. Carter, Executive Officer / Clerk of Court

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

Electronically Received 01/13/2020 12:00 AM

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 45

**19STCV38222**                                                              January 16, 2020
**MARIYA AYZENBERG vs LEV INVESTMENTS, LLC, et al.**                2:46 PM

Judge: Honorable Mel Red Recana          CSR: None
Judicial Assistant: J. Marquez           ERM: None
Courtroom Assistant: J. Baltazar         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Notice of Related Cases

The Court finds that the following cases, 19STCV38222 and 19STCV45132, are related within the meaning of California Rules of Court, rule 3.300(a). 19STCV38222 is the lead case. For good cause shown, said cases are assigned to Judge Mel Red Recana in Department 45 at Stanley Mosk Courthouse for all purposes.

All hearings in cases other than the lead case are advanced and taken off calendar. This order is made without prejudice to the parties making a motion to consolidate in the newly assigned department. The moving party is ordered to serve notice of this order (including hearings vacated, if necessary) by mail forthwith on all interested parties within ten (10) days of the receipt of this minute order.

Certificate of Mailing is attached.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION PURSUANT TO RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 12, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Katherine Bunker    kate.bunker@usdoj.gov**
- **John Burgee    jburgee@bandalaw.net**
- **Caroline Renee Djang (TR)    caroline.djang@bbklaw.com**
- **David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com**
- **Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com**
- **Thomas D Sands    thomas@thesandslawgroup.com, thomas@thesandslawgroup.com**
- **David A Tilem    davidtilem@tilemlaw.com,**
  **DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptc y.com;DianaChau@tilemlaw.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**

**2.  SERVED BY UNITED STATES MAIL**: On **June 12, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Attorney for Mariya Ayzenberg*
Law Offices of Howard A. Kapp
3731 Wilshire Blvd, Suite 514
Los Angeles, CA 90010

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 12, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 12, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**